IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DUPREE PENN, <br><br> Defendant. | Case No. 23-cv-1307 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendant Dupree Penn seeks a reduced sentence release pursuant to 18 U.S.C. § 3582(c)(2). [1]. For the reasons herein, this Court denies Defendant's motion.

### I. Background

On March 27, 2013, a grand jury returned a multi-count indictment charging Penn with narcotics distribution offenses and felon in possession of a firearm. [19]. On October 27, 2014, Penn pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1) and possession of a firearm by a previously convicted felon in violation of 18 U.S.C.§ 922(g)(1) (Count 2). [51]. Penn did not enter his plea pursuant to a specific plea agreement. *Id*. The Court sentenced Penn to 200 months on Count 1 and 120 months on Count 2, both terms to run concurrently. [63]. Penn filed an appeal, then moved for voluntary dismissal. [72] The Seventh Circuit dismissed the appeal on August 5, 2015. *Id.*

1

Subsequently, Penn filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he was deprived effective assistance of counsel at his guilty plea. *United States v. Penn*, 15-cv-10658, ECF No. 1. The Court denied Penn's motion. *Id.*

On November 6, 2019, Penn filed a motion for relief under the First Step Act. He filed an additional motion for compassionate release on June 6, 2020, arguing that he was at a higher risk of contracting COVID-19 due to his underlying condition of Type 1 diabetes. [77]. The Court denied both motions. [87]. The Court found Penn was already sentenced under the reduced penalties that he requested relief under, he failed to exhaust his administrative remedies, the federal Bureau of Prisons could provide appropriate care for his condition, and the § 3553(a) factors did not weigh in favor of his release. [87]. Penn then filed a second motion for relief under the First Step Act, claiming that he was committed to rehabilitation and would receive better treatment for Type 1 diabetes outside prison. [88] The Court again denied the motion. [91].

Penn now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). [102]. He argues that Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense level for many drug offenses, should qualify him for a lower sentence. *Id*. The Government opposes Penn's motion. [111].

**II.    Standard of Review**

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable, [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* To warrant relief, the amendment in question must have the effect of lowering the guidelines range used to sentence the defendant. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) (declining § 3852(c) relief based on an amendment that did not have the effect of lowering the defendant's applicable guideline range).

### III. Analysis

#### A. Penn Received a Sentence After Amendment 782 Went Into Effect

Amendment 782 would not lower the guideline range used to sentence Penn because the amendment was already in effect at the time of his sentencing. The amendment went into effect on November 1, 2014. U.S.S.G. app. C, amend. 782. Penn was sentenced on May 6, 2015. [63]. The Presentence Investigation Report filed on April 23, 2015 notes that the "2014 Guidelines Manual incorporating all guideline amendments, was used to determine the defendant's offense level." [53] at 8.

Penn is thus ineligible for a sentence reduction under § 3852(c)(2). He has already received the benefit of the lower offense levels enacted by Amendment 782. Penn was not subject to any guideline sentencing range that has been "*subsequently* been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added). This Court must accordingly deny his motion. To the extent that Penn incorporates other

sections of his previously denied motion for compassionate release into the instant motion, [1], those claims are also denied.

## IV. Conclusion

For the stated reasons, this Court denies Dupree Penn's motion for reduced sentence. [1].

E N T E R:

Dated: September 18, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

4