**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DUPREE PENN,

Defendant.

Case No. 23-cv-1307

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Defendant Dupree Penn brings a motion for reconsideration of this court's denial of his motion for a reduced sentence. [14], [15].[1] As discussed below, the Court construes his motion as a renewed motion for a reduced sentence, and the renewed motion ([14]) is denied.

**I.      Background**

On October 27, 2014, Penn pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1) and possession of a firearm by a previously convicted felon in violation of 18 U.S.C.§ 922(g)(1) (Count 2). [51][2]. Penn's plea was not pursuant to a plea agreement. *Id*. On May 6, 2015, the Court sentenced Penn to concurrent terms of 200 months on Count 1 and 120 months on Count 2. [63]. His sentence was rendered under the 2014 Sentencing Guidelines, which incorporated Amendment 782, reducing drug sentencing guidelines. U.S.S.G. § 1B1.10 (2014); [53].

---

[1] Penn filed two motions for reconsideration, [14] and [15]. The motions are substantially similar and assert the same grounds for relief. The Court refers to [14] throughout this opinion.

[2] Citations [51], [53], [63], and [90] reference events on Penn's criminal docket, 1:13-cr-00102. All other docket citations refer to the instant civil case.

1

Following two prior motions to modify his sentence, both of which were denied, Penn again moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). [1]. In his motion, he contended that this Court had the power to reduce his sentence under § 3582(c)(2) notwithstanding the unchanged guidelines. [1] (citing *United States v. Guerrero*, 946 F.3d 983, 988 (7th Cir. 2020); U.S.S.G. § 1B1.10. He also incorporated by reference previously raised claims that the factors in 18 U.S.C. § 3553(a) weigh in favor of his motion for a sentence reduction. [1] (referencing [90]). The Court denied Penn's third motion . [7]. Penn now moves to reconsider the ruling. [14].

## II.    Standard of Review

Motions to reconsider "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77–80 (1964)). A motion to reconsider is timely if it is noticed within the 14-day timeline for noticing an appeal. *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) ("Only a motion filed within the time for appeal acts as a genuine request for reconsideration"); Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within 14 days of the order being appealed). A motion to reconsider a criminal sentence filed outside this window under § 3582(c)(2) must be treated as "a new motion for a lower sentence[.]" *Redd*, 630 F.3d at 650; *see also United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014).

Under § 3582(c)(2) this Court may reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute establishes a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a court must determine whether a defendant is eligible under § 3582(c)(2). Once they are deemed eligible, a court must determine whether a sentence reduction

2

is warranted under the factors set forth in § 3553(a). *Id*. Under § 3582(c)(2), this first step requires that the amendment in question had the effect of lowering the guidelines range used to sentence the defendant. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) (declining § 3852(c) relief based on an amendment that did not have the effect of lowering the defendant's applicable guideline range). When seeking a sentence reduction under § 3582(c)(2), a prisoner gets "only one bite at the apple" per amendment to the Guidelines. *Beard*, 745 F.3d at 291—92 (finding "the statute creates a rule under which successive motions are prohibited and should be denied").

### III. Analysis

#### A. An Untimely Motion to Reconsider is Construed as a Renewed Motion for Reduced Sentence; Successive Motions for Reduced Sentence Under § 3582(c)(2) Must Be Denied

Penn's motion for reconsideration was filed more than 14 days after the Court's order denying his third motion for a reduced sentence. *See* [7] (order entered September 18, 2023) and [14] (motion postmarked November 27, 2023). A motion for reconsideration raised outside of the 14-day window must be treated as a motion for a renewed sentence. *See Beard*, 745 F.3d at 291. Penn has requested the Court toll all deadlines and consider the motion. [14] at 1. The Court construes this request as a motion for extension of time, which is permitted upon a finding of excusable neglect or good cause. Fed R. App. P. 4(b)(4); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se document is to be liberally construed.") Penn states his motion was delayed by his transfer within the Department of Corrections, which this Court accepts as sufficient cause under Rule 4(b)(4). [14]. Rule 4(b)(4) only offers a maximum 30-day extension to such a filing deadline for motions to reconsider. *See United States v. Kruse*, No. 24-1978, 2024 WL 5155567, at *1—2 (7th Cir. Dec. 18, 2024); Fed. R. App. P. 4(b)(4) ("not to exceed 30 days from . . . the time otherwise prescribed").

The order denying Penn's § 3582(c)(2) motion was entered on September 18, 2023. [9]. His motion for reconsideration was postmarked on November 27, 2023. [14]. Even with the 30-day extension available under Rule 4(b)(4), his motion must have been postmarked by November 1, 2023. As a result, his reconsideration motion was untimely, and this Court must treat the motion as a successive § 3582(c)(2) motion. *Redd*, 630 F.3d at 650; *Kruse*, 2024 WL 5155567 at *1–2.

A district court has "no choice" but to deny a successive § 3582(c)(2) motion. *Beard*, 745 F.3d at 292. "Once the district judge makes a decision [on a § 3582(c)(2) motion], Rule 35 applies and curtails any further power of revision[.]" *Redd*, 630 F.3d at 651; Fed. R. Crim. P. 35(a). Without a new amendment to the Sentencing Guidelines, that successive motion must be denied. *Redd*, 630 F.3d at 651 (citing F. R. Crim. Pro. 35). As the motion is successive, the Court must deny Penn's renewed motion. *Redd*, 630 F.3d at 651.

**B.      Penn Received a Sentence After Amendment 782 Went Into Effect**

Even if Penn's motion was timely, this Court was correct when it previously found that Amendment 782 would not lower the guideline range used to sentence Penn. Amendment 782, under which Penn requests a reduction, was already in effect at the time of his sentencing. *See* [53], [7], [14]. The amendment went into effect on November 1, 2014. U.S.S.G. app. C, amend. 782. Penn was sentenced on May 6, 2015. [63]. The Presentence Investigation Report, filed on April 23, 2015, notes that the "2014 Guidelines Manual incorporating all guideline amendments, was used to determine the defendant's offense level." [53] at 8. As a result, the reduced sentencing guidelines were already applied to Penn. This Court correctly found that Penn was not eligible for a sentence reduction under § 3852(c)(2) and properly denied his motion. [9].

Penn's renewed motion contends, by incorporation, that this court improperly failed to consider § 3553(a) factors in its original order. [1], [14]. But to reach those factors, a district court

4

must first find a defendant is eligible for a modification of sentence under § 3582(c). In *Dillon v. United States*, the Supreme Court established a two-step inquiry for consideration of a § 3852(c)(2) motion. 560 U.S. at 826. A court must first determine whether the movant is eligible for an authorized reduction, and only then look to § 3553(a) factors to determine if a reduction is warranted. *Id.* Because he was sentenced under the guidelines from which he seeks a modification, Penn was not eligible for a sentence modification under § 3852(c)(2). His motion fails at step one.

Penn's efforts at rehabilitation are admirable, including his behavioral record, educational achievements, and work record. The Court takes notice of these efforts, and hopes Penn continues this path. However, the Court cannot reach these or any other factors for the purposes of his motion because he is categorically ineligible for a sentence reduction under § 3852(c)(2). *See Dillon*, 560 U.S. at 826. The Court did not err in failing to address § 3553(a) factors in its prior ruling.

Penn claims that the Court can reduce his sentence "even from unchanged guidelines" under *United States v. Guerrero*. 946 F.3d 983, 988 (7th Cir. 2020); [1]. *Guerrero* does not support Penn's claim for two reasons. First, unlike Penn, the Defendant in *Guererro* was sentenced before Amendment 782 went into effect. Second, the Seventh Circuit in *Guerrero* only reached procedural defects in a Defendant's prior motions. Those defects are absent in Penn's claim. His claim was denied on the merits. This Court did not err in not addressing this inapposite argument when denying his motion.

## IV.    Conclusion

For the stated reasons, Penn's motion for reconsideration is construed as a renewed motion for a reduced sentence, and that successive motion is denied. [14], [15].

E N T E R:

Dated: July 31, 2026

MARY M. ROWLAND
United States District Judge

6